IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JAMES R. WALKER,                        Civil No. 06-3030-CL

      Plaintiff,
                                        REPORT AND RECOMMENDATION

      v.

TRANSPORTATION INTERNATIONAL
MOVERS, INC., et al.,

      Defendants.

CLARKE, Magistrate Judge:

    Plaintiff brings this action for personal injuries based upon negligence and battery. This court has jurisdiction pursuant to 28 U.S.C. § 1332. Defendants Transportation International Movers, Inc., Transportation International, Inc., and J.P. Martin ("Defendants") move to amend their answer to add the defense of self-defense (#36).

## I. FACTS

On April 28, 2006, plaintiff filed this action against Alvin Carroll, Transportation International Movers, Inc., Transportation International, Inc., and J.P. Martin to recover personal injury damages arising from an altercation with Mr. Carroll which occurred on May 26, 2004.  Mr. Walker asserts a claim for common law battery against Mr. Carroll and contends that Mr. Carroll was acting within the course and scope of his employment when he assaulted him, making the defendants vicariously liable for Mr. Carroll's actions.  Plaintiff also alleges a claim for negligent hiring and supervision of Mr. Carroll. (Complaint).

The defendants filed an answer denying plaintiff's allegation that Mr. Carroll was acting as their employee or agent at the time of the assault. (Defendants' Answer).  Mr. Carroll filed in answer, but the answer does not raise the defense of self-defense. (Defendant Carroll's Answer).

On March 14, 2007, the parties took Mr. Carroll's deposition. (Keenon Decl. Ex. A).  Mr. Carroll testified that he hit Mr. Walker, because he thought Mr. Walker was preparing to hit him, and he felt threatened and scared, and believed he acted in self-defense.  (Id. at 2, 4).  Mr. Carroll also testified that he pled guilty to Fourth Degree Assault, a misdemeanor.  (Id. at 5).  During the discovery process,

several eye witnesses to the assault testified in deposition that Mr. Walker was walking away from Mr. Carroll when Mr. Carroll assaulted Mr. Walker.  (Petersen Aff. Ex. 5 at 3, 5, 6; Ex. 6 at 3; Ex. 7 at 4 and 5).

## II. LEGAL STANDARDS

Fed.R.Civ.P. 15 governs amendments to the pleadings.  It is within the court's discretion to grant or deny leave to amend.  Acri v. International Ass'n of Machinists, 781 F.2d 1393, 1398 (9th Cir.), cert. denied, 479 U.S. 816, cert. denied 479 U.S. 821 (1986).  Leave to amend should be freely given unless the opposing party makes a showing of undue prejudice, bad faith, or dilatory motive on the part of the moving party.  See Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997), overruled on other grounds, Green v. City of Tucson, 255 F.3d 1086 (9th Cir.), cert. dismissed, 533 U.S. 966 (2001).  The party opposing the amendment has the burden of demonstrating why leave to amend should not be granted.  Genetech Inc. v. Abbott Laboratories, 127 F.R.D. 529, 530-531 (N.D.Cal. 1989)(citations omitted).

"The following factors guide a court's determination of whether a motion to amend should be granted: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party."  Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir.), cert. denied, 522 U.S. 996 (1997), cert.

3 - FINDINGS AND RECOMMENDATION

granted, 524 U.S. 936 (1998), cert. granted and judgment affirmed, 525 U.S. 299 (1999) (citation omitted).  The court may also consider whether the party has previously amended the complaint.  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Futility of the proposed amendment, alone, supports denial of a motion to amend.  U. S. *ex rel*. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001) (citing Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995)); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989).  "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

### III. DISCUSSION

Defendants argue that they should be allowed to amend their answer because: 1) defendant Carroll's deposition confirms facts supporting an affirmative defense of self defense; 2) defendants are not barred from raising this defense due to defendant Carroll's criminal assault plea bargain as issue preclusion does not apply; 3) since defendant Carroll was not their agent at the time of the plea evidence of his assault conviction is not admissible against them; and

4 - FINDINGS AND RECOMMENDATION

4) there is no prejudice to plaintiff in allowing this amendment as all depositions needed to address this issue are completed and no additional discovery will be required. In response, plaintiff argues that: 1) Mr. Carroll's guilty plea to Assault IV bars any claim of self-defense; 2) there is no factual support for a self-defense theory; 3) defendants have no standing to assert self-defense as Mr. Carroll has not asserted self-defense; and 4) defendants had an opportunity to amend their answer earlier and plead self-defense and they failed to do so; and 5) allowing defendants to amend their answer will require the reopening of discovery of the issue of self-defense. In reply, defendants argue that: 1) defendant Carroll could not plead self-defense at the time he answered the complaint as he had criminal charges pending against him; 2) the criminal statutes regarding self-defense are not applicable to this case; 3) defendant Carroll's deposition testimony provides a factual basis for a self-defense claim; 4) defendants can plead in the alternative by denying defendant Carroll was an employee and asserting self-defense in the event defendant Carroll is found to be their employee; 5) defendants' defense of comparative fault is different than a defense of self-defense; and 6) defendant Carroll's guilty plea is not binding on defendants as they were not in privity with defendant Carroll; 7) defendant Carroll's plea is

5 - FINDINGS AND RECOMMENDATION

inadmissible under FRE 803(2); and 8) no additional discovery is required.

Since the effect of a prior Oregon judgment is at issue, the court applies Oregon state law on issue preclusion. <u>Thornton v. City of St. helens</u>, 425 F.3d 1158, 1165 (9th Cir. 2005).

> Under Oregon law, the resolution of an issue by one tribunal may preclude relitigation of the issue in another proceeding if five requirements are met: 1) the issue in the two proceedings is identical; 2) the issue was actually litigated and was essential to a final decision on the merits in th prior proceeding; 3) the party sought to be precluded has had a full and fair opportunity to be heard on that issue; 4) the party sought to be precluded was a party or was in privity with a party to the prior proceeding; 5) the prior proceeding was the type of proceeding to which this court will give preclusive effect.

<u>Cloud v. Hosack</u>, 2006 WL 1876620 at * 2 (D.Or.)(citing <u>Nelson v. Emerald People's Util. Dist.</u>, 318 Or. 99, 104 (1993)).

Defendants dispute that defendant Carroll was in privity with them when he pled guilty. It is clear that if defendant Carroll is found to be an employee/agent of defendants, defendants would be barred from pleading self-defense. For the purpose of claim preclusion, employees/agents are considered to be in privity with their employers/principals. See <u>Howard v. Lacy</u>, No. 04-CV-62-7-BR, 2007 WL 270434, at *6 (D.Or. Jan. 25, 2007); <u>Vilches v. Multnomah Educ. Serv. Dist.</u>, No. Civ. 02-294-AS, 2004 WL 1662074, at *13 (D.Or. May 5,

6 - FINDINGS AND RECOMMENDATION

2004), adopted by Order, 2004 WL 1661986 (D.Or. July 23, 2004) (district employees named as defendants in § 1983 claims in federal action could have been named in appeal to Oregon Court of Appeals for review of agency action; because district only able to act through the individual defendants, there was privity between the parties). Under these circumstances, the court rules that defendants amendment would be futile as defendants are bound by their employee's/agent's guilty plea, and that plea precludes them from raising the defense of self-defense. Cf. Cloud v. Hosack, 2006 WL 1876620 at *2 (D.Or.)(defendant was allowed to plead the defense of comparative negligence even though he was convicted of assault, because, although he had the opportunity to assert self-defense in the criminal proceeding, he did not have the opportunity to raise the issue of comparative fault).

### IV. RECOMMENDATION

Based on the foregoing, it is recommended that defendants' motion to amend their answer (#36) be denied.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *Objections to this Report and Recommendation, if any, are due on October 17,*

7 - FINDINGS AND RECOMMENDATION

*2007. If objections are filed, any responses to the objections are due 14 days after the objections are filed*. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this _____3____ day of October, 2007.

_____/s/_____
UNITED STATES MAGISTRATE JUDGE