IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES R. WALKER,  Civil No. 06-3030-CL

    Plaintiff,

REPORT AND RECOMMENDATION

    v.

TRANSPORTATION INTERNATIONAL
MOVERS, INC., et al.,

    Defendants.

CLARKE, Magistrate Judge:

    Plaintiff brings this action for personal injuries based upon negligence and battery. This court has jurisdiction pursuant to 28 U.S.C. § 1332. Defendants Transportation International Movers, Inc., Transportation International, Inc., and J.P. Martin ("TIM") move for summary judgment (#52).

## I. FACTS

Defendants submit the following facts in support of their motion for summary judgment:

1. TIM and Alvin Carroll (hereinafter Carroll) entered into an Independent Contractor Standard Agreement on January 5, 2004 for Carroll to serve as a driver/mover to transport household goods and freight for TIM defendants. Ex. 6 to Deposition of Sally Rupp, p. 77:25;78:1-20.

2. Under the agreement, Carroll agreed to furnish drivers and all other labor necessary to perform his duties under the Agreement. He agreed that if such persons were retained, they were solely his agents or employees, not those of TIM, and that he was solely and totally responsible for payment of their wages or compensation. Further, the agreement provided that he was solely responsible for "the direction, hiring, firing, supervision, directing, training, setting wages, hours and working condition, and paying and adjusting grievances of [his] employees." Ex. 6 to Deposition of Sally Rupp.

3. In entering the agreement, TIM agreed and intended that their relationship would be one of independent contractor and not employer-employee. Ex. 6 to Deposition of Sally Rupp, p. 18.

4. The agreement provides that Carroll would determine the method, means, and manner of performing the agreement; have

the right to reject any load; and choose the route of travel. Ex. 6 to Deposition of Sally Rupp, p. 18.

5. The agreement provides that they were not agents of the other, and neither party had the right to bind the other by contract or otherwise except as specifically provided in the agreement. Ex. 6 to Deposition of Sally Rupp, p. 18.

6. On May 26, 2004, plaintiff and Carroll were involved in an altercation that is the subject of this lawsuit. Compl. ¶ 14

7. Defendant Carroll and Walker met on May 26, 2004 at Walker's business for the purpose of Walker supplying two workers to assist Carroll in the loading of a TIM customer's household goods. Walker Depo. at 52:10-12.

8. Defendant Carroll and Walker met again at the TIM customer's house and began discussing the price Walker wanted to charge for the two workers. They could not agree on the price, and Walker claims Carroll told him to "get the hell out of here." Walker Depo. at 62:14-23.

9. Walker claims he turned to walk away and dropped his clipboard. As he bent over to pick it up, he felt a blow to the back of his head. Walker Depo. at 63:4-13.

    Plaintiff presents the following facts in dispute of defendants' facts:

    TIM, not Carroll, controlled virtually all aspects of Carroll's work; and TIM took an active role in finding help

3 - FINDINGS AND RECOMMENDATION

for Carroll, it instructed him on negotiating prices for labor, and controlled the mode, means, timing, payment for, and routing of the work. Carroll Dep. pp. 22: 6-25, 64:97-25, 67:4-25, 68:1-25, 69:1-25, 70:1-25, 71:1-25, 72:1-25, 73:1-22, 75:94-25, 76:1-6, 76:15-25,77:20-25, 78:1-6, 78 :21-25, 79:1-25, 80:9-25, 81 :1-19, 84:18-25, 85:1-25, 86: 1-25, 87:1-10, 87:19-22, 102:9-25, 103:1-25, 104:1-8, 115:13-25, 116:1-14, 21:15-22, 26:1-2, 33:11-25, 34:21-25, 35:12-25, 36:1-3, 43:6-20, 47:2-4, 64:5-25; J.P. Martin Dep. pp. 55:4-25, 56:1-4; Rupp. Dep. pp. 12:19-23, 25:15-25, 26:9-22, 41:9-11, 55:2-25, 56:1-5; Calapp Dep. p.15:10-19; Dec. of Thomas N. Petersen; Dec. of James Walker, para. 2.

Carroll did not intend that their relationship would be that of independent contractor and not employer-employee. Carroll thought an employer employee relationship was formed. Carroll Dep. pp. 67:4-25, 68:1-25, 69:1-25, 70:1-25, 71:1- 25, 72:1-25, 73:1-22, 75:14-25, 76:1-6, 76:15-25,77:20-25, 78:1-6, 78:21-25, 79:1-25, 80:1-25, 81:1-19, 84:18-25, 85:1-25, 86: 1-25, 87:1-10, 87:19-22, 102:9-25, 103:1-25, 104:1-8, 21:21-22, 26: 1-2, 34:21-25, 35:12-25, 36:1-3, 43:6-20, 47:2-4, 64:5-25; J.P.Martin Dep. pp. 22:13-19, 45:19-25, 59:23-25, 60:1-3; Rupp. Dep. pp.18-20, 25:15-25, 26:9-22, 55:2-14; Calapp Dep. p. 15:10-19; Dec. of Thomas N. Petersen, Dec. of James Walker.

The parties did not agree that Carroll would determine the method, means, and manner of performing the so-called agreement, or that Carroll would have the right to reject any load, or that Carroll would have the right to choose the route of travel. TIM controlled the method, means, and manner of performing the so-called agreement, TIM did not allow Carroll to reject loads, and TIM dictated the route of travel. J.P. Martin Dep. pp. 55:4-25, 56:1-4,59:23-25, 60:1-3; Rupp. Dep. pp. 12:19-23, 25:15-25, 26:9-22, 41:9-11, 55:2-14; Carroll Dep. pp. 67:4-25, 68:1-25, 69:1-25, 70:1-25, 71:1-25, 72:1-25, 73:1-22, 75:14-25, 76:1-6, 76:15-25,77:20-25, 78:1-6, 78:21-25, 79:1-25, 80:1-25, 81:1-19, 84:18-25, 85:9-25, 86: 1-25, 87:1-10, 87:19-22, 97:8-25, 98:1-90, 102:9-25, 103:1-25, 104:1-8, 115: 13-15, 116:1-14, 21:15-22, 26:1-2, 33:11-25, 34:21-25, 35:12-25, 36:1-3, 43:6-20, 64:5-25; Calapp Dep. p. 15:10-19; Dec. of Thomas N. Petersen; Dec. of James Walker.

Carroll did not agree that they were not the agents of the other, and they did not agree that they could not bind each other except as provided in the so-called agreement. Carroll was TIM's employee, and TIM treated him as one. Carroll Dep. pp. 67:4-25, 68:1-25, 69:1-25, 70:1-25, 71:1-25, 72:1-25, 73:1-22, 75:14-25, 76:1-6, 76:15-25,77:20-25, 78:1-6, 78:21-25, 79:1-25, 80:1-25, 81:1-19, 84:18-25, 85:1-25, 86: 1-25, 87:1-10, 87:19-22, 102:9-25, 103:1-25, 104:1-8, 21:15-22,

26:1-2, 33:11-25, 34:21-25, 35:1-25, 36:1-3, 43:6-20, 47:1-3, 64:5-25; J.P.Martin Dep. pp. 22: 13-19, 31:11-25, 32:1-8, 45:19-25, 59:23-25; Rupp. Dep. pp.25:15-25, 26:9-22, 55:2-14; Calapp Dep. p. 15:10-19, B. Walker Dep., p.19:2-20, Dec. of Thomas N. Petersen.

Plaintiff admits that Carroll struck him at a job site in Brookings, Oregon on May 26, 2004. Walker Dec. Para. 4. Plaintiff did not argue with Carroll, and plaintiff offered to charge for one helper only. Walker Dec. Para. 4 .

TIM hired Carroll knowing he was disqualified as a driver. TIM failed to do its usual criminal background check, which would have revealed Carroll's disqualification to work for TIM and his potential for violence. Carroll Dep. pp.89:19-25, 90:1-25, 91:1-11, 105:21-25, 106:1-18, 127:17-25, 128:1-20; Rupp Dep. pp. 21:20-25, 22:1-25, 23:1-10, 84:7-19; J.P. Martin Dep. pp. 31:11-25, 32:1-8.

## II. **LEGAL STANDARDS**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a moving party is entitled to summary judgment as a matter of law "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c); Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir.), cert. denied, 502 U.S.

994 (1991). In deciding a motion for summary judgment, the court must determine, based on the evidence of record, whether there is any material dispute of fact that requires a trial. Waldridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994)(citations omitted). The parties bear the burden of identifying the evidence that will facilitate the court's assessment. Id.

The moving party bears the initial burden of proof. See Rebel Oil Co., Inc. v. Atlantic Richfield Co., 51 F.3d 1421, 1435 (9th Cir.), cert. denied, 516 U.S. 987 (1995). The moving party meets this burden by identifying portions of the record on file which demonstrates the absence of any genuine issue of material fact. Id. "[T]he moving party . . . need not produce evidence, but simply can argue that there is an absence of evidence by which the nonmovant can prove his case." Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390, 393 (4th Cir. 1994), cert. denied, 513 U.S. 1191 (1995)(citation omitted); See City of Mt. Pleasant, Iowa v. Associated Electric Co-op, Inc., 838 F.2d 268, 273-274 (8th Cir. 1988)(it is sufficient for the movant to argue that the record does not contain an issue of fact and to identify that part of the record that supports that assertion).

In assessing whether a party has met their burden, the court must view the evidence in the light most favorable to

the nonmoving party.  Allen v. City of Los Angeles, 66 F.3d 1052 (9th Cir. 1995).  All reasonable inferences are drawn in favor of the nonmovant.  Id.

If the moving party meets their burden, the burden shifts to the opposing party to present specific facts which show there is a genuine issue for trial. Fed.R.Civ.P. 56(e); Auvil v. CBS "60 Minutes", 67 F.3d 816 (9th Cir. 1995), cert. denied, 517 U.S. 1167 (1996).  The nonmoving party cannot carry their burden by relying solely on the facts alleged in their pleadings. Leonard v. Clark, 12 F.3d 885, 888 (9th Cir. 1994).  Instead, their response, by affidavits or as otherwise provided in Rule 56, must designate specific facts showing there is a genuine issue for trial. Id.

### III. DISCUSSION

**Choice of Law**

Both Washington, where defendant Carroll entered into his relationship with TIM, and Oregon, where the incident at issue in this case took place, have a connection with this action. A federal court sitting in diversity jurisdiction must use the choice of law rules of the forum state to determine which state's substantive law applies.  Herron v. Wells Fargo Financial, Inc., 2006 WL 2422831 (D.Or.) at *9, reconsideration denied by, 2006 WL 3803398 (D.Or.)(citing Alaska Airlines, Inc. v. United Airlines, Inc., (9th Cir.

1990), appeal dismissed, 1990 WL 288714 (9th Cir. 1990). Under Oregon law, before applying Oregon's choice of law, the court must first determine whether the laws of th states having a connection with the controversy are in conflict on a particular issue, and, if they are not, the court applies Oregon law. Id. (citing Lilienthal v. Kaufman, 239 Or. 1, 5 (1964)). A comparison of the law of Washington and Oregon on the issue of how to determine whether a person is an employee or independent contractor shows that there is no material difference on this issue, and therefore, the court will apply Oregon law. Schaff v. Ray's Land & Seafood, Inc., 334 Or. 94 (2002)(Oregon uses the right to control test); Hollingbery v. Dunn, 68 Wash.2d 75 (1966)(right to control is most important factor). A comparison of the law of Washington and Oregon on the issue of whether an employee is acting within the course and scope of his employment shows that there is no material difference on this issue, and therefore, the court will apply Oregon law. Chesterman v. Barmon, 305 Or. 439 (1988)(applying a three-part test); Robel v. Roundup Corp., 148 Wash.2d 35 (2003)(applying same three-part test). A comparison of the law of Washington and Oregon on the issue of negligent hiring shows that there is no material difference on this issue, and therefore, the court will apply Oregon law. Shoemaker v. Management Recruiters Intern., Inc., 125 Or.App. 568

(1993)(applying knew or should have known test); Haubry v. Snow, 106 Wash.App. 666 (2001)(applying knew or should have known test).

**Independent Contractor v. Employee**

TIM contends that defendant Carroll was an independent contractor and they are not liable for his conduct. Plaintiff contends that the facts show he was an employee and that federal regulations also support that he was an employee.

49 C.F.R. § 390.5 defines an employee as a "driver of a motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle.)" The court rules that 49 C.F.R. § 390.5 does not make defendant Carroll an employee for the purposes of this case as defendant Carroll was not actually driving/operating his vehicle at the time of the incident. Pouliot v. Paul Arpin Van Lines, Inc., 292 F.Supp.2d 374, 377-383 (D.Conn. 2003).

Whether a person is an employee or an independent contractor is a question of law. Schaff, 334 Or. at 103. This legal conclusion depends on the facts of the case that relate to the right to control the manner and performance of the work. Id. at 101, 103. "In cases in which the facts or reasonable inferences support a conclusion that there is an employer-employee relationship, [the] court allows the jury to render a verdict as to the individual's employment status . .

.". Id. at 101 (citation and quotations omitted). Where the facts are in dispute, it is necessary to submit those questions of fact to the jury. Id. at 102.

TIM presents evidence that they entered into a contract with defendant Carroll making him an independent contractor, not an employee. Plaintiff has presented sufficient evidence to create an issue of fact regarding whether defendant Carroll was an employee. A reasonable jury could find from plaintiff's evidence that TIM had the right to control the manner and performance of defendant Carroll's work. Therefore, defendants' motion for summary judgment on this issue should be denied.

**Course and Scope of Employment**

TIM contends that defendant Carroll's sole motivation was to save himself money, not to serve his employer and that the act of assaulting plaintiff was not the act of the kind which Carroll was hired to perform. Plaintiff contends there are factual disputes on both these issues.

> Under Oregon Law,
>
> To establish that the employee acted within the course and scope of employment requires proof of three things: (1) the tortious act must have occurred substantially within the time and space limits authorized by the employment; (2) the employee must have been motivated, at least partially, by a purpose to serve the employer; and (3) the employee's act is of a kind which the employee was hired to perform.

11 - FINDINGS AND RECOMMENDATION

Vinsonhaler v. Quantum Residential Corp., 189 Or.App. 1, 5 (2003)(citing Chesterman v. Barmon, 305 Or. 439, 442 (1988)). If the plaintiff fails to establish at least a jury question as to any element of his claim, the defendants are entitled to summary judgment. See Vinsonhaler, 189 Or.App. at 6 (defendant was entitled to summary judgment because plaintiff failed to present any evidence from which a reasonable jury could infer that the employee engaged in conduct of any sort which was intended to serve his employer).

Plaintiff has presented sufficient evidence on both issues raised by TIM from which a reasonable jury could find that defendant Carroll was acting within the course and scope of his employment. Defendant Carroll was in the process of negotiating the price for helpers to load the household goods of a TIM customer when the incident occurred and, when defendant Carroll informed TIM of the situation, defendant Carroll was told by TIM to "deal with it".

Plaintiff has also alleged that defendant Carroll was negligent in his perceptions and actions in dealing with plaintiff. See Thomas v. Parker Refrigerated Services, Inc., 61 Or.App. 234, review denied by, 294 Or. 792 , 662 P.2d 728 (1983). A jury could reasonably find that defendant Carroll was acting within the course and scope of his employment if they find negligence on his part as alleged.

Therefore, TIM's motion for summary judgment on this issue should be denied.

**Negligent Hiring**

TIM contends that there is no evidence supporting plaintiff's negligent hiring claim and there is an insufficient causal connection between any negligence on their part and plaintiff's injury. Plaintiff contends that TIM was negligent in failing to do a criminal background check on defendant Carroll which would have revealed that he was charged with spousal abuse, thereby establishing his propensity toward violence.

Plaintiff has presented sufficient evidence from which a reasonable jury could find that TIM was negligent in failing to run a background check which may have shown the charges of spousal abuse. A reasonable jury could also infer from such charges that Mr. Carroll had a propensity for violence. Therefore, TIM's motion on this issue should be denied.

## IV. RECOMMENDATION

Based on the foregoing, it is recommended that defendants' motion for summary judgment (#52) be denied.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals*. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district

court's judgment or appealable order.  *Objections to this Report and Recommendation, if any, are due on November 19, 2007.  If objections are filed, any responses to the objections are due 14 days after the objections are filed*.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this \_\_\_\_\_9\_\_\_\_ day of November, 2007.

_____/s/_____
UNITED STATES MAGISTRATE JUDGE